Hillsborough, }
  Dec., 1899. }

### PERKINS, *Assignee, v.* LABRECQUE.

A transfer of chattels made within three months before the commencement
  of insolvency proceedings, in consideration of the payment of debts for
  which the vendee was already liable, and outside the ordinary course of
  business, is voidable by the vendor's assignee in insolvency.

TROVER, for contracts in writing, evidencing conditional sales.
Facts found by the court.   Before December 18, 1897, the defend-
ant had signed a note with O. Caron & Co., for their benefit, and
had receipted for goods which had been attached in an action
against them.   On that date the note was due, and Caron & Co.
sold to the defendant the said contracts, upon consideration of his
promise to pay the note and claim.   He paid these December 20,
1897.   Caron & Co. were adjudged insolvent January 25, 1898,
and the plaintiff was appointed assignee.   The sale of the con-
tracts was not made in the ordinary course of business.

*David W. Perkins,* for the plaintiff.

*Stone, Pattee & George,* for the defendant.

PIKE, J.   "The proceedings in insolvency shall dissolve all
attachments of the debtor's property made within three months
before the beginning thereof, and all . . . sales and transfers
. . . which were not made in the ordinary course of business . . .
shall be void; and the assignee may recover . . . any property
so . . . sold or transferred."   P. S., c. 201, s. 26.   The only con-
sideration for the sale to the defendant was his promise to pay
certain debts of the insolvents for which he was already liable;
and since the sale was not made in the ordinary course of business,
the assignee is entitled to recover.   The defendant having paid
nothing into the estate, the question whether in such a case a
vendee of personal property would be entitled to a return of the
consideration, paid in good faith, does not arise.

*Judgment for the plaintiff.*

YOUNG, J., did not sit: the others concurred.